## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BONITA PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 00-1193 |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA, | ) | |
| PENNSYLVANIA STATE POLICE, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION TO REOPEN

AND NOW, comes plaintiff, Bonita Perry by and through her counsel, Gregory G. Paul, Esquire of Robert Peirce & Associates, P.C., and respectfully moves this Court to issue an Order reopening the above captioned civil action. In further support of this motion, plaintiff files the following motion to reopen and accompanying brief.

1.      On June 15, 2000, plaintiff Bonita Perry filed a complaint in the above-captioned case. (Attached as Ex. 1- Certified Docket Sheet).

2.      Defendant filed a motion to dismiss on August 29, 2000 on the basis that the federal court lacked jurisdiction over claims under the Americans With Disabilities Act and the Rehabilitation Act as being barred by the Eleventh Amendment. In support of this argument, defendant relied upon the existing law as set forth in *Lavia v. Department of Corrections*, 2000 WL 1121553 (3rd Cir. 2000). This law has since that time been clarified such that claims under both the ADA and Rehabilitation Act may proceed against the state for both monetary and equitable damages

respectively. See *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S § 356

(2001); *Koslow v. Commonwealth of Pennsylvania,*302 F.3d 161 (3rd Cir. 2002).

3.      Plaintiff then filed a Response to Defendant's Motion to Dismiss in the form of a

Motion to Stay Federal Claims and Request for Dismissal without Prejudice of State Law Claims

on October 5, 2000.

4.      The District Court entered an Order on December 21, 2000 dismissing plaintiff's

federal claims for lack of federal jurisdiction and granting leave for plaintiff to transfer her state

law claims to the Commonwealth Court.

5.      On February 6, 2001, plaintiff filed a Transfer from Federal Court pursuant to 42

P.S. Section 5103(b) and was assigned Docket Number 01-2338 in Allegheny County Court.

(Attached as Ex. 1).

6.      A Petition to Transfer Document Number 01-2338 to Mercer County was filed at

the Allegheny County Court of Common Pleas on September 26, 2002 which was granted.

(Attached as Ex. 2).

7.      Defendant filed an Answer to Plaintiff's Complaint under Docket Number 01-

2338 on May 8, 2003.

8.      After completing extensive discovery, plaintiff filed a Praecipe for Trial List on

January 10, 2006. Defendant objected on the basis that additional discovery was required.

9.      Plaintiff again filed a Praecipe for Trial on June 1, 2006. Defendant objected

stating the need for additional discovery and advised of its intent to file a motion for summary

judgment.

10.     Defendant filed a motion for summary judgment on October 10, 2006 to which plaintiff responded on November 9, 2006.

11.     On December 22, 2006, the Mercer County Court denied defendant's summary judgment as moot because the case transferred from Allegheny County did not contain a complaint. (Attached as Ex. 3).

12.      On July 5, 2007, Plaintiff filed a Motion for Leave to file an Amended Complaint.

13.     On September 14, 2007, Plaintiff filed a Motion to Supplement the Official Court Docket to include certified pleadings in addition to the certified docket sheet.

14.     On December 10, 2007, Mercer County Court issued an Opinion and Order stating Plaintiff Bonita Perry's Motion for Leave to File an Amended Complaint and Motion to Supplement the Official Court Record pursuant to 42 Pa.C.S.A. § 5103 are DENIED. (Attached as Ex. 4).

15.     On January 7, 2007, Plaintiff filed a Notice of Appeal to Mercer County's Opinion and Order dated December 10, 2007.

16.     On December 12, 2007, Defendant filed a Motion to Dismiss, and an original Brief in Support of Motion to Dismiss.

17.     On February 8, 2008, the Court of Common Pleas of Mercer County issued a Memorandum Opinion and Order Granting Defendant's Motion to Dismiss. (Attached as Ex. 5).

18.     On February 18, 2008, Plaintiff filed an Appeal to the February 8, 2008 decision.

19.     Plaintiff submits that the federal court has jurisdiction over the federal claims based upon a change in law permitting claims under both the Americans with Disabilities Act and the Rehabilitation Act against the defendant that are not barred by the Eleventh Amendment.

20.     Moreover, the federal claims previously dismissed due to alleged lack of federal jurisdiction were without prejudice and the limitations period is tolled by plaintiff's transfer to the state courts under 42 Pa. C.S.A. Section 5103 or under principles of equitable tolling.

21.     Plaintiff now files a motion to reopen and seeks leave to file an amended complaint under the Americans with Disabilities Act, Rehabilitation Act and supplemental claims under the Pennsylvania Human Relation Act.

WHEREFORE, plaintiff respectfully requests that this Court issue an Order reopening the above captioned civil action.

Respectfully submitted,

ROBERT PEIRCE & ASSOCIATES, P.C.

/s/ Gregory Paul
GREGORY G. PAUL, ESQUIRE
Attorney for Plaintiff
PA ID No.: 83334
2500 Gulf Tower
Pittsburgh, PA 15219
(412) 281-7229

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion to Reopen

has been served via U.S. first class mail, postage prepaid upon:

P.J. Stapleton, Esquire
Weber Gallagher Simpson Stapleton Fires & Newby, LLP
Two Gateway Center, Suite 1450
603 Stanwix Street
Pittsburgh, PA  15222

this 7th day of March, 2008.

__/s/ Gregory Paul_____
GREGORY G. PAUL, ESQUIRE
Attorney for Plaintiff