**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

Civil Division

BONITA PERRY,

    Plaintiff,

vs.

COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA STATE POLICE,

    Defendant.

No. GD-01-2338

TRANSFER FROM FEDERAL COURT PURSUANT TO 42 P.S. SECTION 5103(B)

CODE:

Filed on Behalf of: Bonita Perry

Counsel of Record For This Party:

JOHN J. PORTER, ESQUIRE
Pa. I.D. No. 49571

PEIRCE, RAIMOND & COULTER, P.C.
Firm I.D. No. 839

2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219
(412) 261-7229



EXHIBIT A

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice were served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

LAWYER REFERRAL SERVICE
ALLEGHENY COUNTY BAR ASSOCIATION
920 CITY-COUNTY BUILDING
PITTSBURGH, PA 15219

TELEPHONE: 412-261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

Civil Division

BONITA PERRY,

    Plaintiff,

vs.

COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA STATE POLICE,

    Defendant.

No.

TRANSFER FROM FEDERAL COURT PURSUANT TO 42 P.S. SECTION 5103(B)

AND NOW, Comes the Plaintiff, by her attorney, John J. Porter, Esq. and, pursuant to 42 PS. Section 5103(b), transfers this action formerly pending in the United States District Court for the Western District of Pennsylvania to the Court of Common Pleas of Allegheny County by filing the attached certified copy of the transcript of the

final judgment of the United States District Court for the Western District of Pennsylvania and related pleadings.

John J. Porter, Esq.
Attorney for the Plaintiff

CLOSED

U.S. District Court
Western District of Pennsylvania (Pittsburgh)

CIVIL DOCKET FOR CASE #: 00-CV-1193

PERRY v. COMMONWEALTH OF PENN
Assigned to: Judge Donald E. Ziegler
Demand: $0,000
Lead Docket: None
Dkt# in other court: None

Filed: 06/19/00
Jury demand: Plaintiff
Nature of Suit: 442
Jurisdiction: Federal Question

Cause: 42:12101 The Americans with Disabilities Act of 1990

BONITA PERRY
    plaintiff

John J. Porter
[COR LD NTC]
Peirce, Raimond, Osterhout,
Wade, Carlson & Coulter
707 Grant Street
2500 Gulf Tower
Pittsburgh, PA 15219
(412) 281-7229

v.

COMMONWEALTH OF PENNSYLVANIA,
PENNSYLVANIA STATE POLICE
    defendant

Thomas F. Halloran
[COR LD NTC]
Office of the Attorney General
564 Forbes Avenue
6th Floor, Manor Complex
Pittsburgh, PA 15219
(412) 565-7680

CERTIFIED FROM THE RECORD
Date: 06 FEB 2001
JAMES A. DRACH, CLERK
By: Ronald Barber
                    Deputy Clerk

Docket as of February 6, 2001 11:14 am                                Page 1

Proceedings include all events.                                              CLOSED
2:00cv1193 PERRY v. COMMONWEALTH OF PENN

| Date | # | Entry |
|---|---|---|
| 5/19/00 | 1 | COMPLAINT with summons issued; jury demand   Filing Fee $ 150.00 Receipt # 7157 (ces) [Entry date 06/20/00] |
| 8/1/00 | 2 | Stipulation by BONITA PERRY, COMMONWEALTH OF PENN Extending Due Date for Response to Complaint to 8/31/00 with proposed order. (ces) [Entry date 08/01/00] |
| 8/1/00 | -- | Deadline updated; set Answer deadline to 8/31/00 for COMMONWEALTH OF PENN (ces) [Entry date 08/01/00] |
| 8/2/00 | -- | ORDER upon motion granting [2-1] stipulation Extending Due Date for Response to Complaint, set Answer deadline to 8/31/00 for COMMONWEALTH OF PENN  ( signed by Judge Donald E. Ziegler on 8/2/00 ) CM all parties of record. (ces) [Entry date 08/03/00] |
| 8/31/00 | 3 | MOTION by COMMONWEALTH OF PENN to Dismiss with prejudice with Proposed Order. (ces) [Entry date 08/31/00] |
| 8/31/00 | 4 | BRIEF by COMMONWEALTH OF PENN in support of [3-1] motion to Dismiss by COMMONWEALTH OF PENN (ces) [Entry date 08/31/00] |
| 9/6/00 | 5 | ORDER, Response to Motion set to 10/6/00 for [3-1] motion to Dismiss, Brief in Opposition set to 10/6/00 for [3-1] motion to Dismiss  ( signed by Judge Donald E. Ziegler on 9/6/00 ) CM all parties of record. (ces) [Entry date 09/06/00] |
| 10/10/00 | 6 | RESPONSE by BONITA PERRY to [3-1] motion to Dismiss In the Form of A Motion to Stay Federal Claims and Request for Dismissal Without Prejudice of State Law Claims by COMMONWEALTH OF PENN (ces) [Entry date 10/11/00] |
| 10/13/00 | 7 | ORDER, set Case Management and conciliation Conference for 10:30 10/25/00 ( signed by Judge Donald E. Ziegler on 10/12/00 ) CM all parties of record. (ces) [Entry date 10/13/00] |
| 10/25/00 | 8 | Case Management Conference held before Judge Donald E. Ziegler [ Reporter: none ] (ces) [Entry date 10/25/00] |
| 12/20/00 | 9 | MOTION by BONITA PERRY to Dismiss Plaintiff's Claims for Lack of Subject Matter Jurisdiction with Leave for Plaintiff to Transfer Action to State Court with Proposed Order. (emc) [Entry date 12/20/00] |

Docket as of February 6, 2001 11:14 am                                     Page 2

Proceedings include all events.                                              CLOSED
2:00cv1193 PERRY v. COMMONWEALTH OF PENN

| | |
|---|---|
| 12/21/00 -- | ORDER upon motion granting [9-1] motion to Dismiss Plaintiff's Claims for Lack of Subject Matter Jurisdiction with Leave for Plaintiff to Transfer Action to State Court. Pltf's federal claims are dismissed for lack of federal subject matter jurisdiction, without federal jurisdiction over pltf's federal law claims this ct. lacks pendent subject matter jurisdiction over pltf's state law claims and pltf is granted leave to transfer her state law claims to cts. of Commonwealth of PA ( signed by Judge Donald E. Ziegler on 12/21/00 ) CM all parties of record. (ces) [Entry date 12/22/00] |
| 12/22/00 -- | Case closed (ces) [Entry date 12/22/00] |
| 12/22/00 -- | Notice mailed. (ces) [Entry date 12/22/00] |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BONITA PERRY,                        )
                                     )
            Plaintiff,               )
                                     )
     vs.                             )   Civil Action No.: 00-1193
                                     )
COMMONWEALTH OF PENNSYLVANIA,        )   Judge Ziegler
PENNSYLVANIA STATE POLICE,           )
                                     )
            Defendant.               )

### PLAINTIFF'S MOTION FOR ORDER DISSMISING PLAINTIFF'S CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION WITH LEAVE FOR PLAINTIFF TO TRANSFER ACTION TO STATE COURT

1. Plaintiff, Bonita Perry, a former employee of the Pennsylvania State Police, brought this action against the Pennsylvania State Police to redress its violation of her rights under the Americans With Disabilities Act, the Rehabilitation Act, and the Pennsylvania Human Relations Act.

2. Defendant has filed a Motion to Dismiss on the grounds that this Federal Court does not have subject matter jurisdiction to adjudicate these claims because neither statute constitutes a valid exercise of power of Congress to legislate under Section 5 of the 14th Amendment.

1

3. The United States Court of Appeals for the Third Circuit has held that Federal Courts do not have subject matter jurisdiction to adjudicate such claims. See, *Lavia v. Department of Corrections*, 2000 W.L. 1121553 (3rd Cir. August 8, 2000).

4. However, the United States Supreme Court has granted *certiorari* to resolve a split in the Circuit Court of Appeals on this issue.

5. Plaintiff has also asserted state law claims under the Pennsylvania Human Relations Act.

6. Plaintiff wishes to pursue only her state law claims in state court.

7. Pursuant to 42 Pa. Cons. Stat. Ann. Section 5103 (b), (copy attached), Plaintiff may pursue her state law claims in state court without running afoul of the statute of limitations if this action is dismissed for lack of subject matter jurisdiction and Plaintiff follows the appropriate procedure to transfer her state law claims to the courts of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff requests that this court enter the attached order dismissing Plaintiff's federal claims for lack of subject matter jurisdiction with leave

for Plaintiff to transfer her state law claims to the courts of the Commonwealth of Pennsylvania.

Respectfully submitted,

THE PEIRCE LAW OFFICES

By: _____
JOHN J. PORTER, ESQUIRE
Pa. I.D. 49571

2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

(412) 281-7229

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BONITA PERRY, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No.: 00-1193 |
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA STATE POLICE, | ) Judge Ziegler |
| Defendant. | ) |

ORDER OF COURT

AND NOW, this _21st_ day of _Dec._, upon consideration of Defendant's Motion to Dismiss for lack of subject matter jurisdiction and Plaintiff's Motion requesting a transfer of state law claims to state court, it is hereby ordered, adjudged and decreed that Plaintiff's federal claims are dismissed for lack of federal subject matter jurisdiction, without federal jurisdiction over Plaintiff's federal law claims this court lacks pendent subject matter jurisdiction over Plaintiff's state law claims and Plaintiff is granted leave to transfer her state law claims to the courts of the Commonwealth of Pennsylvania.

CERTIFIED FROM THE RECORD
Date: 06 FEB 2001
JAMES A. DRACH, CLERK
By: Ronald Rarley
Deputy Clerk

_[Signed] Donald C. Ziegler_

PA ST 42 Pa.C.S.A. § 5103
42 Pa.C.S.A. § 5103

PURDON'S PENNSYLVANIA STATUTES AND CONSOLIDATED STATUTES ANNOTATED
PURDON'S PENNSYLVANIA CONSOLIDATED STATUTES ANNOTATED
TITLE 42. JUDICIARY AND JUDICIAL PROCEDURE
PART VI. ACTIONS, PROCEEDINGS AND OTHER MATTERS GENERALLY
CHAPTER 51. PRELIMINARY PROVISIONS

Copr. © West Group 2000. All rights reserved.

Current through Act 2000-68

### § 5103. Transfer of erroneously filed matters

(a) General rule.--If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or district justice of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

(b) Federal cases.--

(1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a district justice of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

(2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or district justice may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

(c) Interdivisional transfers.--If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district.

(d) Definition.--As used in this section "tribunal" means a court or district justice or other judicial officer of this Commonwealth vested with the power to enter an order in a matter, the Board of Claims, the Board of Property, the Office of Administrator for Arbitration Panels for Health Care and any other similar agency.

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been served by first class mail, postage pre-paid, this 27th day of December 2000, upon the following:

Thomas F. Halloran, Esquire
Senior Deputy Attorney General
Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

THE PEIRCE LAW OFFICES

By: _John J. Porter_

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was served upon counsel for the defendant by depositing the same in the United States Mail, first class postage prepaid, on this ____6th____ day of __February__, 2001 addressed as follows:

Thomas H. _aran, Esq.
Senior Deputy Attorney
Office of Attorney General/Litigation Section
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

_____