IN THE COURT OF COMMON PLEAS OF MERCER COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

BONITA PERRY
        Plaintiff,     :

v.     :     No. 2002 - 3679

COMMONWEALTH OF
PENNSYLVANIA, PENNSYLVANIA
STATE POLICE
        Defendant.     :

## APPEARANCES

For the Plaintiff:     Gregory G. Paul, Esquire
ROBERT PEIRCE & ASSOCIATES
2500 Grant Tower, 707 Grant Street
Pittsburgh, PA 15219

For the Defendant:     Mary Kathryn Salynski, Esquire
WEBER, GALLAGHER, SIMPSON, STAPLETON,
FIRES, AND NEWBY, LLP
Two Gateway Center, Suite 1450, 603 Stanwix Street
Pittsburgh, PA 15219

## OPINION AND ORDER

**ST. JOHN, J.**

This matter comes before the court on plaintiff's Motion for Leave to File an Amended Complaint and Motion to Supplement the Official Court Record.[1] Plaintiff's motions will be denied for the reasons set forth in this opinion.

---

[1] Oral argument on the Motion for Leave to File an Amended Complaint was held during the September oral argument term on August 31, 2007, and oral argument on the Motion to Supplement the Official Court Record (which was filed pursuant to concerns expressed by the court on the lack of pleadings in the transferred record) was held during the November term on November 5, 2007.

## I. BACKGROUND

On June 19, 2000, plaintiff filed a Complaint in Civil Action in the United States District Court for the Western District of Pennsylvania, alleging employment discrimination claims under several federal and state statutes. On December 21, 2000, Judge Donald E. Ziegler of the District Court granted defendant's Motion to Dismiss based on a lack of subject matter jurisdiction. Judge Ziegler further granted plaintiff leave to transfer the case to the courts of this Commonwealth. Plaintiff attempted to effectuate an appropriate transfer of this matter on February 6, 2001, by filing a Motion to Transfer from Federal Court pursuant to 42 P.S. § 5103(b) in the Allegheny County Court of Common Pleas. Attached to the transfer motion were certified copies of both the federal docket sheet and the final order from the United States District Court dismissing the claims for lack of subject matter jurisdiction. The case was docketed in Allegheny County at GD-01-2338.[2]

Plaintiff next filed a Motion to Transfer case number GD-01-2328 to Mercer County on November 18, 2002. Judge Strassburger of the Allegheny County Court of Common Pleas granted plaintiff's petition, and the order transferring the case was also filed on November 18, 2002 in the Allegheny County Court of Common Pleas. The case was received and filed in the office of the Prothonotary of Mercer County on December 19, 2002. Defendant then filed its Answer with New Matter on May 9, 2003 and three and one-half years later filed a Motion for Summary Judgment on October 11, 2006.

---

[2] Plaintiff also filed an additional complaint against defendant in the Allegheny County Court of Common Pleas, at GD-02-3667 on February 20, 2002, which was not transferred to Mercer County. Both parties have conceded that this complaint consisted of the state law claims remaining following the dismissal from federal court.

2

Defendant's Motion for Summary Judgment was dismissed by President Judge Francis J. Fornelli on December 22, 2006, because the case transferred to Mercer County does not contain the Complaint upon which defendant's motion was based.[3] Several months later, plaintiff filed a Motion for Leave to File an Amended Complaint on July 9, 2007, which was contested by Defendant. Following oral argument, plaintiff filed a Motion to Supplement the Official Court Record on September 17, 2007, which contained a certified copy of plaintiff's complaint from federal court. This motion was also opposed by defendant. Judgment was reserved to rule on both motions following the November 5, 2007 argument.

## II.    LAW AND DISCUSSION

The many issues that arise in this case are connected by the proposition that a case may only be considered by a court when the parties to an action have properly filed a claim with that court. Specifically, when a case is dismissed in federal court for lack of subject matter jurisdiction, a plaintiff must properly transfer the case to state court in accordance with the law to effectively maintain her claim. *See Williams v. F.L. Smithe Machine Company*, 577 A.2d 907 (Pa.Super. 1990).

This case raises many issues that hinge on the interpretation of the technical requirements of the transfer statute at 42 Pa.C.S.A. § 5103(b). This court, therefore, must address what items must be filed and when must they be filed to perfect a valid transfer from federal court. If plaintiff improperly transferred the case from the United States District Court, then she concedes that it would be far too late to presently perfect

---

[3] President Judge Fornelli's order held that defendant's Motion for Summary Judgment was filed in regard to the Complaint filed in Allegheny County at GD-02-3667, which was not transferred to Mercer County. *See* FN2, *supra*.

an appropriate transfer. Alternatively, if the original filing of the certified copies of the federal docket sheet and court order dismissing the matter was adequate, then defendant concedes that plaintiff met the requirements to effectuate a prompt transfer.

When a case filed in a United States court is dismissed for lack of subject matter jurisdiction, any litigant in the matter may transfer the cause of action to the appropriate court of this Commonwealth. 42 Pa.C.S.A. § 5103(b)(1).

> Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected *by filing a certified transcript of the final judgment of the United States court and the related pleadings* in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or district justice may require that they be amended to conform to the practice in this Commonwealth.

42 Pa.C.S. § 5103(b)(2) (emphasis added).

### A.   THE PROMPTNESS REQUIREMENT OF 42 Pa.C.S.A. § 5103

The requirements to perfect a transfer pursuant to 42 Pa.C.S.A. § 5103 were addressed first by the Superior Court in *Williams*. The *Williams* court imposed a promptness requirement upon transfers from federal courts even though no timeframe was delineated by the statute:

> [A] litigant, upon having his case dismissed in federal court for lack of jurisdiction, must promptly file a certified transcript of the final judgment of the federal court and, at the same time, a certified transcript of the pleadings from the federal action. The litigant shall not file new pleadings in state court.

577 A.2d at 910.

In *Williams*, the appellants filed a new complaint in the Schuylkill County Court of Common Pleas two weeks following the dismissal of their complaint from federal court

4

due to a lack of subject matter jurisdiction. Attached to the new complaint were certified copies of the federal court docket and the order dismissing the case for lack of subject matter jurisdiction. Appellants subsequently filed xerox copies of the pleadings from federal court about a month following dismissal in federal court. Finally, seven months after the federal court dismissal, the plaintiff filed *certified* copies of the pleadings from federal court in the common pleas case. *Id.* at 908.

The *Williams* court granted the appellants a one-time exception due to their initial partial compliance with the statute and the eventual full compliance, largely due to the lack of statutory directives and case law interpreting 42 Pa.C.S.A. § 5103. *Id.* at 910. However, more recent cases have not excused a failure to promptly effect a transfer, although no specific period of time has ever been used to define the promptness requirement as a matter of law.[4]

Other appellate courts have ruled that many time periods are too long for perfecting a transfer under 42 Pa.C.S.A. § 5103. In *Collins*, the Superior Court ruled that a seven month delay after dismissal in federal court to transfer the case to state court was fatal. Allowing such a delay "subverts the policies underlying the statute of limitations, and undermines the speedy and efficient processes of justice." *Collins*, 615 A.2d at 763.

In *Ferrari v. Antonacci*, 689 A.2d 320 (Pa.Super. 1997), a new complaint had been filed in state court approximately one year after dismissal of the claim in federal court. An amended complaint containing certified copies of the pleadings and a certified copy of the

---

[4] This court joins the sentiments of the Superior Court over 17 years ago requesting that the Legislature set a time limit to transfer a case from federal court. *See Williams*, 577 A.2d at 910, *Collins v. Greene County Memorial Hospital*, 615 A.2d 760, 763 (Pa.Super. 1992). *Collins* even requested that the Legislature set a time limit of 30 days, although no court ruling or act of the General Assembly has ever set such a time constraint beyond the general promptness requirement. *Collins* at 763.

order dismissing the action for lack of subject jurisdiction was filed nearly 15 months following dismissal from federal court. *Id.* at 321-22. The court held that the delay of nearly one year resulted in a failure to perfect the transfer from federal court in a timely manner. *Id.* at 323.

A similar situation occurred in *Kelly v. Hazleton General Hospital*, 837 A.2d 490 (Pa.Super. 2003). An appellant filed a new complaint in common pleas court only 16 days after her action was dismissed in federal court for lack of subject matter jurisdiction. *Id.* at 491. The appellant then filed a praecipe to transfer the federal court action with certified copies of both the order dismissing the case from federal court and appellant's amended complaint filed in the federal court, a full nine months following dismissal. *Id.* at 492. The court again upheld the dismissal of the case because appellant did not adhere to the promptness requirement of 42 Pa.C.S.A. § 5103. *Id.* at 495-96.

In the most recent case, a new complaint was filed in state court two weeks after the case was dismissed in federal court. *Chris Falcone, Inc. v. Insurance Co. of State of Pa.*, 907 A.2d 631, 634 (Pa.Super. 2006). The appellant in *Falcone*, however, realizing that the complaint would be dismissed for violating the statute of limitations, then attempted to transfer the case under 42 Pa.C.S.A. § 5103 by transferring the "certified record from the federal action." *Id.* Again, because of a ten month delay, appellant was barred from transferring the previously dismissed federal action. *Id.* at 641.

In the instant case, plaintiff's case was dismissed by the United States District Court on December 21, 2000. The Motion to Transfer this case from federal court pursuant to 42 P.S. § 5103(b), containing certified copies of both the docket sheet and the final order from

federal court, was filed on February 6, 2001.[5] Plaintiff did not transfer certified copies of the federal pleadings. The Motion to Supplement the Record, containing the first filing of a certified copy of the federal complaint in state court, was filed on September 17, 2007. Accordingly, if the transfer was ineffective in 2001, then the filing of the certified copy of the pleading now would result in a delay in transferring the case of over six and a half years. Considering the case law above, such a time period would clearly violate the promptness requirement of 42 Pa.C.S.A. § 5103. Therefore, this court must determine whether the Motion to Transfer from federal court on February 6, 2001 properly transferred the case to state court.

B. **DOES A CERTIFIED COPY OF A FEDERAL DOCKET CONSTITUTE A CERTIFIED TRANSCRIPT OF THE PLEADINGS UNDER 42 Pa.C.S.A. § 5103(b)(2)?**

The transfer of a matter dismissed by a federal court due to lack of subject matter jurisdiction to a court of this Commonwealth is governed by 42 Pa.C.S.A. § 5103, as discussed above. "[S]uch transfer may be effected by filing a *certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of the Commonwealth.*" 42 Pa.C.S.A. § 5103(b)(2). If these requirements are met, the pleadings have the same effect as in federal court. *Id.*

As a matter of first impression, this court must examine the meaning of a "certified transcript" as intended by the Legislature in the transfer statute.[6] In *Williams*, the court

---

[5] Defendant does not contend that plaintiff's transfer of the federal court complaint to state court fails to meet the promptness requirement of 42 Pa.C.S.A. § 5103 if the certified copies of both the docket sheet and the final order from the federal court satisfy the requirements of the statute. Therefore, this court will not address whether the delay of 46 days between the dismissal from federal court and the initial motion to transfer violates the promptness requirement of 42 Pa.C.S.A. § 5103.

[6] This court notes that it is unaware of any filing or document defined as a "transcript" in this context. The court invites the appellate courts and the Legislature to clarify the use of this term of art where no such term

7

interpreted the relevant clause of the statute to require the prompt filing of *both* "a certified transcript of the final judgment of the federal court and, at the same time, a certified transcript of the pleadings from the federal action." *Williams*, 577 A.2d at 910. The appellants in *Williams* filed a new complaint in state court two weeks after dismissal from federal court. Attached to the new complaint were "certified copies of the federal court docket" and the order of the federal court dismissing the action. *Id.* at 908. Appellants later filed copies of the federal complaint and subsequent pleadings in state court, and finally certified copies of the federal pleadings. *Id.* at 910 (citation ommitted). This led the Superior Court to observe that appellants' actions had resulted in "eventual complete compliance" with 42 Pa.C.S.A. § 5103 only after certified copies of the pleadings were filed, not after filing the certified docket. *Id.* at 910. Consequently, a certified *transcript* of the pleadings was intended by the Legislature to mean certified *copies* of the pleadings, not a docket sheet or other document reflecting a chronological log listing what documents were filed in the federal action. This is dicta, however, since the issue in *Williams* was promptness of transfer, not what was transferred.

The Superior Court in *Collins* explained that the court's opinion in *Williams* required a transferring party to file a certified copy of the final judgment from federal court "along with a certified *copy* of the pleadings in state court" to effect a valid transfer under 42 Pa.C.S.A. § 5301(b)(2). *Collins*, 615 A.2d at 762. The use of the term "transcript" of the pleadings used in *Williams*, was viewed by the Superior Court in *Collins* as synonymous with a certified "copy" of the actual federal pleadings. *Id.* This further

---

of art apparently exists. At least one other court in this Commonwealth has noted that "transcript of the pleadings" has never been explicitly defined by the courts or the Legislature. *See Hemispherx Biopharma, Inc. v. Asensio*, 2001 WL 1807748, *7 (Pa.Com.Pl.)(Phila.Co. 2001).

supports the conclusion here that a transcript of the pleadings was intended by the Legislature to mean actual certified copies of the pleadings and not merely a docket sheet listing what and when a pleading had been filed.

All appellate case law in this area concerns actions in which parties attempted to comply with 42 Pa.C.S.A. § 5103 by actually filing certified copies of the relevant pleadings from federal court. *See Williams*, 577 A.2d at 908 (appellant eventually filed a certified copy of the pleadings); *Collins*, 615 A.2d at 760 (appellant belatedly filed a certified copy of the complaint and pleadings); *Ferrari*, 689 A.2d at 321-22 (appellant filed an amended complaint with certified copies of the pleadings); *Kelly*, 837 A.2d at 493 (appellant attempted to transmit the amended complaint from federal court to state court); *Falcone*, 907 A.2d at 634 (appellant belatedly transferred the "certified record" from federal court). Since certified copies of the actual pleadings were filed in each of the above cases, the appellate courts have not been asked to decide whether the transfer statute merely calls for a certified copy of the federal docket to show what pleadings were filed there, or whether certified copies of the actual documents must be filed in state court.

While the plain language of § 5103(b)(2) is clear to this court (i.e. a certified copy of the "related pleadings" be filed to perfect transfer to a state court), there is an argument that the introductory phrase "certified transcript" refers both to the final judgment of the United States court relinquishing jurisdiction as well as the related pleadings. This provision is devoid, however, of common sense.

Obviously, the transcript of the final judgment of the federal court is the order dismissing the case for lack of subject matter jurisdiction. It is not the docket reflecting

9

that such an order was filed that is needed to perfect transfer, but a certified copy of the order itself. The use of the word "transcript" in the statute is a term of art that does not equate to the docket of a case. It is generally used in the legal profession to refer to the verbatim recording of the proceeding. Notably, plaintiff here filed a certified copy of the federal order, not just a certified copy of the docket reflecting the entry of the order. Similarly, it is the body of the actual pleadings that needs transferred to state court, not the docket entries of such pleadings. Otherwise, the transferee court cannot make any meaningful subsequent rulings pertaining to the pleadings or claims being asserted therein.

Unfortunately, the transfer statute does not provide any definitions. Nor is "transcript" defined in the Statutory Construction Act, 1 Pa.C.S.A. § 1991. Words must be construed, if not otherwise defined, by their common and ordinary usage. *Id.* § 1903. Further, Webster's offers the following definition for transcript: "1. something made by or based on transcribing; written, typewritten, or printed *copy*. 2. any *copy* or reproduction, especially one that is official..." *Webster's New World Dictionary* 1509 (2nd College Ed. 1978) (emphasis added). *Black's Law Dictionary* supports this definition: "A handwritten, printed, or typed *copy* of testimony given orally; esp., the official record of proceedings in a trial or hearing, as taken down by a court reporter." *Black's Law Dictionary* 1535 (8th ed. 2004).

Finally, the purpose of 42 Pa.C.S.A. § 5103 is to create a mechanism to transfer a federal action to state court. The statute enables parties to toll the statute of limitations by the date it is filed in federal court, and then upon transfer operates to properly notify the state court as to the relevant pleadings and the final order entered in federal court. A

certified docket sheet fails to meet these important purposes. If the pleadings themselves are not filed in the state court, it would be impossible for the state courts to properly maintain cases transferred from federal court. Judges would not be informed of the facts or legal theories advanced by the parties, they would be unable to reap the benefits from counsels' well articulated legal arguments, and they would be hampered in rendering appropriate decisions on matters of procedure and law, such as motions to amend pleadings. The administration of justice would be severely handicapped by allowing cases to be transferred from federal court without ever filing certified pleadings in state court.

Plaintiff argues, in a supplemental letter brief faxed to the court and opposing counsel on November 6, 2007, that § 5103, when read with Pa.R.C.P. 213(f), requires a triggering of the statute's protections once a transfer motion is filed. Accordingly, plaintiff argues that the clerk of courts would be charged with transferring the court record to the appropriate court. Pennsylvania law clearly does not support this conclusion.

Rule 213(f) governs the transfer of cases between the courts of this Commonwealth. According to the rule, an action commenced in a court which has no jurisdiction shall be transferred to the appropriate court without dismissal of the cause of action. "It shall be the duty of the prothonotary or clerk of the court in which the action is commenced to transfer the record together with a certified copy of the docket entries to the Prothonotary or clerk of the court to which the action is transferred." Pa.R.C.P. 213(f).

The Pennsylvania Rules of Civil Procedure are promulgated by the Pennsylvania Supreme Court under the auspices of the 1968 Constitution. Pa.Con. Art. 5 § 10(c). The Judicial Code provides enabling legislation for the Supreme Court's rule-making authority.

42 Pa.C.S.A. § 1722. The statute authorizes the court to create rules governing practice, procedure, and the conduct of the courts in accordance with the laws and Constitution of the Commonwealth. 42 Pa.C.S.A. § 1722(a). The rule does not, as plaintiff suggests, apply to federal court transfers.[7] Accordingly, plaintiff's argument that 42 Pa.C.S.A. § 5103 should somehow be "read together" with Pa.R.C.P. 213(f) must fail. 42 Pa.C.S.A. § 5103(b)(2) clearly mandates that the transferring party has the duty to effect a proper transfer.

Therefore, after examining the relevant appellate case law, the definition of *transcript*, and the legislative intent of 42 Pa.C.S.A. § 5103(b)(2) in its requirement that the transferring party file a certified *transcript* of the pleadings, this court finds that a transfer is effectuated in accordance with § 5103 only after filing certified *copies* of **both** the pleadings and the final order of the federal court. Merely filing a certified copy of a docket depicting what and when pleadings were filed, does not satisfy both prerequisites to the proper transfer of a case from federal court to state court according to § 5103(b)(2). Accordingly, since plaintiff filed only certified copies of the final order and docket sheet from the federal court, plaintiff failed to promptly transfer the case to state court. Hence, plaintiff's motions to file certified copies of pleadings almost seven years late are untimely. In addition, this court cannot rule upon a motion to amend a complaint that has never been transferred.

---

[7] This court will not address the many obvious United States constitutional issues implicated by the suggestion that the Pennsylvania Rules of Civil Procedure can prescribe a *duty* upon the courts of the United States.

### C. CONSEQUENCES FOR FAILING TO EFFECT AN APPROPRIATE TRANSFER UNDER 42 Pa.C.S.A. § 5103

The Superior Court has noted that case law since *Williams* has become increasingly stringent. *Kelly*, 837 A.2d at 491. The one time exception in *Williams* was granted on the premise that the dearth of case law prevented the transferring party from properly interpreting the statute. *Williams*, 577 A.2d. at 910. Since then the courts have not hesitated to bar cases in which the transferring party failed to perfect a proper transfer. *See Collins, Ferrari, Kelly,* and *Falcone, supra.* Transferring parties can no longer claim that due to a lack of interpretive case law under the statute, they did not know what was required. *Ferrari* at 323 (*quoting Collins* at 762). As the Superior Court observed, a cursory examination of the plain language of 42 Pa.C.S.A. § 5103 and a brief review of the case law interpreting that section would have informed plaintiff how to protect her cause of action and its federal filing date. *Kelly* at 495-96.

Nor can plaintiff's mistake be excused by lack of prejudice to the opposing party. "Prejudice is not the controlling concern. The key to protection in this case is conformity with the statutory requirements, which are not onerous in light of the protection the statute affords." *Falcone* at 640. The administration of justice here has been severely hampered by plaintiff's mistake. A Motion for Summary Judgment was made before this court on October 11, 2006, without any pleadings being transferred to support plaintiff's cause of action.[8] Regardless, the key to pursuing a cause of action transferred from federal to state

---

[8] This court declines to discuss any prejudice to defendant pertaining to the second complaint filed in this case in Allegheny County at GD-02-3667, and the subsequent management of that cause of action, since that case has not been transferred to this jurisdiction.

13

court continues to be strict adherence to the transfer statute in order to have a safe harbor from the applicable statute of limitations.

## III.   CONCLUSION

Plaintiff failed to adhere to the requirements to effect the transfer from federal court to state court under 42 Pa.C.S.A. § 5103.  Accordingly, the plaintiff's Motion to Supplement the Record to rectify her error must be denied as untimely.  Leave to amend a complaint is generally liberally granted to allow a party to fully develop legal theories for recovery.  *Koresko v. Farley*, 844 A.2d 607, 618 (Pa.Cmwlth. 2004) (citation omitted). However, such deference is properly refused where such an amendment would be futile. *Id.*  Since plaintiff failed to properly transfer this case to state court, it would be futile to grant her leave to amend a complaint that is not before this court.  Therefore, plaintiff's Motion for Leave to File an Amended Complaint will also be denied.

**HENCE THIS ORDER:**

IN THE COURT OF COMMON PLEAS OF MERCER COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

BONITA PERRY                        :
       Plaintiff,              :
                                :
v.                                  :       No. 2002 - 3679
                                :
COMMONWEALTH OF                     :
PENNSYLVANIA, PENNSYLVANIA          :
STATE POLICE                        :
       Defendant.              :

## ORDER

AND NOW, this 7th day of December, 2007, for the reasons set forth in the foregoing opinion, Plaintiff Bonita Perry's Motion for Leave to File an Amended Complaint and Motion to Supplement the Official Court Record pursuant to 42 Pa.C.S.A. § 5103 are DENIED.

BY THE COURT:

_____ J.
Christopher J. St. John, Judge