**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BONITA PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 00-1193 |
| ) | |
| COMMONWEALTH OF PENNSYLVANIA, ) | |
| PENNSYLVANIA STATE POLICE, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REOPEN**

AND NOW, comes plaintiff, Bonita Perry by and through her counsel, Gregory G. Paul, Esquire of Robert Peirce & Associates, P.C., and respectfully moves this Court to issue an Order reopening the above captioned civil action. In further support of this motion, plaintiff files the following brief in support of motion to reopen.

Bonnie Perry was employed by Defendant as a Police Communications Operator (PCO) since February 25, 1980. By all accounts, Ms. Perry performed her job well. Michael Britvich, the sergeant in charge of scheduling at the Mercer barracks, testified that "she is a very competent PCO…our troopers were very happy when she worked the desk because she was very quick on the computer, she know how to run record checks". (Britvich Dep. at 43). In response to a question whether Ms. Perry was one of the best PCOs that he worked with, Sgt. Britvich stated "Oh, yes. She was a very good PCO". (Britvich Dep. at 44).

Although Ms. Perry was diagnosed with fibromyalgia in the early 1990's, she treated regularly with Dr. Larochelle, a rheumatologist, beginning in April of 1994. (See Dr.

Larochelle's letter dated 3/10/99). As a result of symptoms related to her fibromyalgia and other medical conditions, Ms. Perry began experiencing difficulty working rotating shifts in 1998. In order to continue working, she pursued all reasonable avenues, including a union grievance if shift assignments were based upon seniority (she was the most senior PCO in Mercer), letters from her treating rheumatologist, Dr. LaRochelle, a formal application for accommodation under the Americans with Disabilities Act, and finally filing a complaint with the Pennsylvania Human Relations Act and Equal Employment Opportunity Commission.

Ms. Perry filed a Complaint alleging that Defendant engaged in disability discrimination in violation of the above laws by failing to provide reasonable accommodations in the form of a consistent work schedule, which defendant has since provided to several PCOs both with and without medical conditions.

The District Court previously dismissed the federal causes of action under the Americans With Disabilities Act and Rehabilitation Act without prejudice. After the District Court dismissed the federal claims without prejudice, the Supreme Court has since held that Congress did not validly abrogate the states' Eleventh Amendment immunity under Title I of the ADA. Board of Trustees of the University of Alabama v. Garrett, 531 U.S § 356 (2001). However, injunctive and declaratory relief is available against the state under the ADA. The Third Circuit has since ruled that the State Police are subject to monetary damages under the Rehabilitation Act based upon its waiver of sovereign immunity. *Koslow v. Commonwealth of Pennsylvania,* 302 F.3d 161 (3rd Cir. 2002).

The state law causes of action were then transferred to the Commonwealth Court pursuant to 42 P.S. Section 5103(b). This transferred case was Docket Number 01-2338. On

February 20, 2002, plaintiff filed an Amended Complaint in Allegheny County Court of Common Pleas and was given a new docket number, Docket Number GD 02-3367. Despite delays in the litigation due to change in counsel for both plaintiff and defendant and other factors, the parties have completed discovery albeit under GD 02-3367. This fact was brought to the attention of the parties when the Mercer County Court of Common Pleas dismissed defendant's Motion for Summary Judgment as not being before the Court. The Court noted that the case transferred from Allegheny County Court did not include a complaint.

The Mercer County Court denied plaintiff's motion to amend and granted defendant's motion to dismiss on February 8, 2008 upon its interpretation that under the transfer statute under 42 P.S. Section 5103(b) a "transcript" refers to certified pleadings as opposed to a certified docket sheet. That is, plaintiff's former counsel filed a transfer with certified copies of the court's order and docket sheet. Counsel for plaintiff appealed this interpretation of the transfer statute to the Superior Court.

What is undisputed in this case is that the parties have litigated this case through extensive discovery and the filing of motions for summary judgment. Based upon the Mercer County Court's interpretation of the transfer statute, plaintiff now finds herself without a complaint in any court. Plaintiff now seeks a determination of her case on the merits and requests that this Honorable Court permit her to do so through the reopening of her case in federal court which is proper through the application of equitable tolling.

F.R.C.P. 15 provides that a party may amend a pleading as a matter of course at any time before a responsive pleading is served. Moreover, it is established that a motion to dismiss is not a responsive pleading. *Shaver v. Operating Engineers Local 428 Pension Trust Fund*, 332 F.3d

1198 (9th Cir. 2003). It is now clear that defendant may be sued under the Americans With Disabilities Act for injunctive relief and under the Rehabilitation Act for both injunctive and monetary relief because they receive federal financial assistance.

Equitable tolling is appropriate where plaintiff is deprived from an outcome on the merits of a case where she has pursued judicial remedies but has filed a defective pleading as interpreted by the Mercer County court. Defendant itself has never raised any issue with respect to the transfer of plaintiff's claims until the Mercer County Court raised the issue *sua sponte*. As an initial matter, equitable tolling is appropriate against the government as against private employers. Irwin v. Veteran Affairs, 498 U.S. 89 (1990).

Equitable tolling is permitted in the following situations: (1) "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period" or 2) "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing of the deadline to pass". Irwin at 96. Federal courts will allow the use of equitable tolling of the statute of limitations to avoid a forfeiture of the action where the plaintiff "in some extraordinary way has been prevented from asserting his or her rights." *Tucker v. Stickman*, 2007 WL 419345 (W.D.Pa 2007). Equitable tolling is appropriate:

1) Where plaintiff actively pursues his judicial remedies but files a defective pleading during the statutory period, such as filing in the wrong forum;

2) Where the deadline for filing has passed due to the plaintiff's reliance on his adversary's misconduct or misrepresentation; or

3) Where the plaintiff has been prevented from asserting his claim as a result of some "extraordinary circumstances."

4

*Id.* at *2.  See also *Altopiedi v. Memorex Telex Corporation*, 834 F. Supp. 800 (E.D.Pa. 1993); *Lake v. Arnold*, 232 F.3d 360 (3d Cir.2000).  The doctrine will not be applied where the plaintiff missed the deadline due to a lack of due diligence, nor to remedy a "garden variety claim of excusable neglect."  *Altopiedi v. Memorex,* 834 F. Supp. at 806; *Irwin v. Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453 (1990).  For example, in *Irwin,* the plaintiff's attorney received the EEOC Notice of Right to Sue letter but as the attorney was out of the country, the suit was not filed within the statutory 30-day period to bring suit against the government.  *Id.* at 455.  The Court did not allow equitable tolling as it considered this to be "at best a garden variety of excusable neglect."  *Id.* at 458.

To be entitled to equitable tolling, a plaintiff must show that he was "prevented from filing in a timely manner due to sufficiently inequitable circumstances."  *Price v. Schwan's Home Services, Inc.*, 2006 WL 897721 (W.D.Pa. 2006), citing *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236 (3d Cir. 1999).  "Mere inadvertence of counsel is not enough."  *Id.* at *5.  "For an attorney's mistake or misconduct to constitute grounds for equitable tolling, it must be shown that the attorney's mistake or misconduct was more than garden variety neglect."  *Id.*

Courts will generally look at whether the plaintiff "actively pursued judicial remedies" when determining whether to allow equitable tolling.  *Lance v. United States*, 2007 WL 2908764 (M.D. Pa. 2007).  A plaintiff must generally show that it has "exercised reasonable diligence in investigating and bringing its claims."  *Id.* at *5; See also *Lee v. U.S.*, 2005 WL 1949441 (E.D.Pa. 2005); See also *Miller v. NJ State Dep't of Corrs.*, 145 F.3d 616 (3d. Cir. 1998).

Absence of prejudice to the defendant is another important factor to be considered, however, it is not an independent basis for invoking the doctrine.  *Baldwin County Welcome*

*Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723 (1984).  In *Burnett v. New York Central Railroad*, the court permitted tolling when an action was timely filed in state court but was dismissed as it was not the proper venue.  380 U.S. 424, 85 S.Ct. 1050 (1965).  The plaintiff then filed the action in federal court eight days after the dismissal, and after the statute of limitations had expired.  *Id.* at 427.  The Court held that the action could be tolled because the defendant was placed on notice within the appropriate limitations period and defendant had generally waived state venue requirements.  *Id.*  The opinion discussed the purpose of statutes of limitations and concluded that tolling was appropriate as it would not conflict with such purpose.  *Id.* ("Statutes of limitations are primarily designed to assure fairness to defendants.  Such statutes 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.  The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.)

In the present case, plaintiff has been denied a decision on the merits because of the Mercer County Court's *sua sponte* interpretation of 42 Pa. C.S.A. 5103. All of the parties believed that the case was properly transferred from federal court to state court, as evidenced by the completion of substantial discovery over years and defendant's filing of a motion for summary judgment.  Plaintiff has pursued her legal remedies as required by equitable tolling; if the Mercer County Court's interpretation of the transfer statute is correct, then plaintiff has filed a defective pleading by only filing the certified docket sheet instead of certified pleadings. However, defendant has not suffered any prejudice and the statute of limitations defense does not

apply under the circumstances here where defendant has actively litigated the case for which they have been on notice since the filing of the complaint in federal court.

WHEREFORE, plaintiff respectfully requests that this Court issue an Order reopening the above captioned civil action based upon principles of equitable tolling and permit plaintiff to reinstate her complaint under F.R.C.P. 15 or otherwise as permitted under the Federal Rules of Civil Procedure.

Respectfully submitted,

ROBERT PEIRCE & ASSOCIATES, P.C.


/s/ Gregory Paul
GREGORY G. PAUL, ESQUIRE
Attorney for Plaintiff
PA ID No.: 83334
2500 Gulf Tower
Pittsburgh, PA 15219
(412) 281-7229

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Brief in Support of Motion to Reopen has been served via U.S. first class mail, postage prepaid upon:

P.J. Stapleton, Esquire
Weber Gallagher Simpson Stapleton Fires & Newby, LLP
Two Gateway Center, Suite 1450
603 Stanwix Street
Pittsburgh, PA  15222

this 7th day of March, 2008.

           ____/s/ Gregory G. Paul_____
           GREGORY G. PAUL, ESQUIRE
           Attorney for Plaintiff