UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BONITA PERRY, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | NO.: 00-1193 |
| | ) | |
| vs. | ) | **FILED ELECTRONICALLY** |
| | ) | |
| PENNSYLVANIA STATE POLICE, | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Defendant. | ) | |

### BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION TO REOPEN

AND NOW, comes the Defendant, Pennsylvania State Police, Commonwealth of Pennsylvania, by and through its attorneys, Patrick J. Stapleton, III, Esquire, Deborah A. Kane, Esquire and the law firm of Weber Gallagher Simpson Stapleton Fires & Newby LLP, and files the following Brief in Support of Response to Plaintiff's Motion to Reopen:

### INTRODUCTION

Now seven years from the dismissal of her federal lawsuit, Plaintiff seeks to reopen it because she made procedural mistakes in transferring the action to state court. This Court should not, at this late date, relieve Plaintiff from these mistakes. First, Plaintiff's failure to properly preserve her state remedies is not a sufficient reason for this Court to consider reopening a long-dormant Federal action. Second, Plaintiff could have sought to reopen this case shortly after 2001, when she claims that the law changed in her favor, but failed to do so. Federal Rule of Civil Procedure 60(c) requires that in cases such as these a Motion to reopen should be filed within one year of the Order dismissing the action. Plaintiff's Motion is too late, and should be denied.

## **FACTUAL AND PROCEDURAL SUMMARY**

To say this case has a tortured procedural history would be a gross understatement.[1]

On July 11, 2000, Plaintiff filed a Complaint in the United States District Court for the Western District of Pennsylvania alleging violations of the Americans with Disabilities Act (hereinafter referred to as the "ADA"), 42 U.S.C. §12101, et seq., the Rehabilitation Act of 1973 (hereinafter referred to as the "Rehabilitation Act"), 29 U.S.C. §794, et seq., and the Pennsylvania Human Relations Act. Plaintiff's claims were premised on her contention that the Defendant violated these laws by failing to accommodate her medical conditions of fibromyalgia, mitral valve prolapse and irritable bowel syndrome.

On August 31, 2000, Defendant filed a Motion to Dismiss on the basis that it was immune from suit in accordance with the Eleventh Amendment to the United States Constitution pursuant to Lavia v. Commonwealth of Pennsylvania, Department of Corrections, 224 F.3d 190 (3rd Cir. 2000). In response, the Plaintiff indicated that she "wishes to pursue only her state law claims in state court" and requested that her federal law claims be dismissed and the state law claims transferred to state court for disposition. (See Plaintiff's Motion for Order Dismissing Plaintiff's Claims for Lack of Subject Matter Jurisdiction with Leave for Plaintiff to Transfer Action to State Court, p. 2, a copy of which is attached hereto as Exhibit "B".) On December 21, 2000, the Honorable Donald E. Ziegler of the United States District Court for the Western District of Pennsylvania entered an Order dismissing the Plaintiff's ADA and Rehabilitation Act claims and transferring the case to the Court of Common Pleas of Allegheny County.

On February 6, 2001, Plaintiff filed an action in the Court of Common Pleas of Allegheny County at Docket Number GD01-2338. The docket was opened with a filing entitled

---

[1] For this Honorable Court's ease of reference, the filings are portrayed on a timeline in Exhibit "A", attached hereto, which had been previously prepared in support of Defendant's Motion to Dismiss filed in the Court of Common Pleas of Mercer County.

"Transfer to Allegheny County." Plaintiff did not file a transcript of the Federal proceedings, whether certified or un-certified, nor did she file copies of any of the Federal pleadings. No Complaint was ever filed in this Allegheny County action.

On February 20, 2002, Plaintiff filed a state-format Complaint in the Court of Common Pleas of Allegheny County at Docket Number GD02-3667, alleging a single count of a violation of the PHRA. No transcript of the federal proceedings was ever filed in this second Allegheny County action.

Thereafter, the Plaintiff sought transfer of the GD01-2338, the first Allegheny County action, to the Court of Common Pleas of Mercer County pursuant to Rule 1006(d)(1) of the Pennsylvania Rules of Civil Procedure for the Plaintiff's convenience. On November 15, 2002, the Honorable Eugene B. Strassburger, III entered an Order transferring the case to the Court of Common Pleas of Mercer County.

Mercer County received the transfer from Allegheny County on December 19, 2002, and opened the case at Docket Number 2002-03679. Defendant subsequently filed an Answer and discovery proceeded at the Mercer County docket number. However, Plaintiff again failed to file a transcript of the Federal proceedings, whether certified or un-certified, or copies of the Federal pleadings at the Mercer County docket number, nor did Plaintiff ever file a Complaint in the Mercer County action or in the first Allegheny County action, the one that was transferred to Mercer.

On October 11, 2006, Defendant filed a Motion for Summary Judgment and Plaintiff responded on November 13, 2006. On December 22, 2006, the Mercer County Court entered an Order dismissing the Motion for Summary Judgment and stating that "Judge Strassburger's November 15, 2002 Order of Court transfers to this Court a case that does not include the

Complaint upon which Defendant's Motion is based. The case transferred is GD01-2338 and the Complaint was filed at GD02-3667. If the appropriate case is subsequently transferred here, the Defendant may re-file his Motion with the Court." (A copy of this Honorable Court's Order of December 22, 2006 is attached hereto as Exhibit "C".)[2]

The Plaintiff took no action until July 6, 2007, when she filed a Motion for Leave to File an Amended Complaint at the Mercer Docket Number 2002-03679. Oral argument was held before the Honorable Christopher St. John on August 31, 2007 and Supplemental Briefs were requested by the Court. The Plaintiff subsequently filed a Motion to Supplement the Official Court Record. By Order of December 7, 2007, both Motions were denied. Plaintiff filed an Appeal of this Order with the Pennsylvania Superior Court, which remains pending.

Meanwhile, on December 18, 2007, Judge Eugene Scanlon of the Court of Common Pleas of Allegheny County dismissed action number GD02-3667 on Defendant's unopposed Motion for Judgment on the Pleadings. A copy of that order is attached as Exhibit "F". That order was not appealed.

On February 8, 2008 Judge St. John of Mercer County issued an order dismissing the Mercer County Action. A copy of that Order is attached as Exhibit G. Plaintiff has appealed this Order with the Pennsylvania Superior Court, which is also pending.

## ARGUMENT

A.  **Plaintiff's Motion To Reopen Must Be Denied Because This Court Does Not Have Jurisdiction To Take Action On the State Court Orders.**

While on the surface Plaintiff's Motion appears to seek to reopen her federal claims, in essence she is seeking relief from the state court's Order dismissing her claim. The sources of

---

[2] For the Court's convenience, copies of the docket sheets for the two Allegheny County cases are attached as Exhibits D (Docket Number GD01-002338) and E (Docket Number GD02-003667). In her Brief, Plaintiff refers to a case number GD02-3367. There is no such case related to this litigation.

federal court jurisdiction are well known – questions arising out of state law and disputes between parties of different states. See Borough of West Mifflin v. Lancaster, 45 F.3d 780, 784 (3d Cir.1995). Neither is implicated here. However, Plaintiff appears to be requesting permission from this Court to amend the original Complaint she filed in Federal Court, citing to Federal Rule of Civil Procedure 15 and the equitable tolling doctrine. These laws also do not apply here. Rule 15 applies to exiting and active cases – Plaintiff's case is not active, as it was dismissed over seven years ago. See F.R.C.P. 15.

Moreover, Plaintiff has appealed the dismissal of her state law claims, which appeal remains pending. Whether the Mercer County court properly interpreted the state transfer statute is a matter of state law, best left to the state appellate courts to decide.

Even if the Court believed it had jurisdiction to entertain Plaintiff's Motion, as set forth below, Federal Rule of Civil Procedure 60 requires that motions to reopen on the grounds of mistake or excusable neglect, or new facts or law, must be brought within one year of the order or judgment dismissing the action. See F.R.C.P. 60(c)(1); see also Moolenaar v. Government of Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987). Plaintiff failed to file a timely Motion under that Rule, and therefore it must be denied.

Here, there was no defect in the Order dismissing the Federal action. Defendant properly filed a Motion to Dismiss for Lack of Jurisdiction based on the case law at the time, and Plaintiff acknowledged this by seeking dismissal without prejudice and a transfer of her case to state court to pursue her state law claims. This Court is without jurisdiction to remedy what Plaintiff contends is a mistake by the state court in dismissing her claim. Plaintiff offers no authority to support her contention that the Court has such power. Plaintiff no longer has an active federal

question claim, and this is clearly not a diversity case. Therefore the Court is without jurisdiction to consider Plaintiff's Motion, and it must be dismissed.

**B.      Plaintiff's Motion Must Be Denied Because It Was Filed Too Late.**

In her Brief in support of her Motion to reopen, Plaintiff makes the argument that the case should be reopened because hers is a case of "excusable neglect." Rule 60(c) sets forth the timing requirement for a motion to reopen, as follows:

> **(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Rule 60(b) sets forth the grounds for seeking relief under the rule, as follows:

> **(b)** **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)**   mistake, inadvertence, surprise, or excusable neglect;
> **(2)**   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)**   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)**   the judgment is void;
> **(5)**   the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)**   any other reason that justifies relief.

The only applicable reasons for relief under the Rule, as set forth in Plaintiff's Motion, are for (1) mistake, inadvertence, surprise, or excusable neglect, or (2) newly discovered evidence, and only if one considers new court opinions as newly discovered evidence.[3]

---

[3] Plaintiff may not avail herself of the catch-all provision under Rule 60(b)(6) to avoid the one-year filing requirement. See Gambocz v. Ellmyer, 438 F.2d 915 (3d Cir. 1971).

The Order dismissing Plaintiff's federal action occurred in **December 2000**. Under Rule 60(c)(1), Plaintiff had until December 2001 to file a Motion to reopen based on that Order. Plaintiff clearly has missed that deadline, and for that reason alone, her Motion must be denied.

Even if the one-year deadline could be said to run from the time Plaintiff discovers her "mistake, inadvertence, surprise, or excusable neglect" (and there is no authority to support such an interpretation), her Motion was still untimely. Plaintiff was on notice in December 2006, when the Mercer County court noted the absence of a Complaint in the transferred file, that her transfer of her claims from federal court, or from state court to state court, was not perfected. Since Plaintiff did not file her Motion to reopen until March of 2008, she has filed too late.

Nor does the cited change in the law of immunity for claims under the ADA against state authorities offer Plaintiff any relief. The cases cited by Plaintiff were handed down in 2001 (Garrett) and 2002 (Koslow), so Plaintiff was well aware, or could have been aware, that the law had changed years before filing for relief from the dismissal of her federal claims. Indeed, in her response to the Motion to Dismiss back in 2000, Plaintiff noted that there was an expected decision on the immunity issue. Even armed with that knowledge, Plaintiff failed to request relief until over seven years later.

Finally, even if Plaintiff was only required to file her Motion within a "reasonable" time, it cannot be said that a more than seven year wait was reasonable, or that a year and three months was reasonable. See Kamara v. Attorney General of U.S., 206 Fed. Appx. 189, 191 (3d Cir. 2006) (twenty month wait is unreasonable); see also Moolenaar at 822 F.2d 1342, 1348 (3d Cir. 1987) (two year wait is unreasonable). Plaintiff's Motion to reopen is untimely no matter how the deadline to file relief is calculated, and therefore must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to reopen.

Respectfully submitted,

By:    /s/ Patrick J. Stapleton, III
      Patrick J. Stapleton, III, Esquire
      PA I.D. #38057
      Email: pstapleton@wglaw.com

By:    /s/ Deborah A. Kane
      Deborah A. Kane, Esquire
      PA I.D. #92531
      Email: dkane@wglaw.com

WEBER GALLAGHER SIMPSON
STAPLETON FIRES & NEWBY LLP
Firm #594
Two Gateway Center, Suite 1450
603 Stanwix Street
Pittsburgh, PA 15222
Phone: (412) 281-4541
Fax: (412) 281-4547

Attorneys for Defendant, Commonwealth of Pennsylvania, Pennsylvania State Police

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION TO REOPEN has been served via electronic filing this 3rd day of April, 2008 upon the following party:

>Gregory G. Paul, Esquire
>Robert Peirce & Associates
>Gulf Tower, Suite 2500
>707 Grant Street
>Pittsburgh, PA  15219-1918

>/s/ Patrick J. Stapleton
>Patrick J. Stapleton, Esquire

>/s/ Deborah A. Kane
>Deborah A. Kane, Esquire