IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BONITA PERRY,                                )
                                             )
        Plaintiff,                           )
                                             )
    vs.                                      )        Civil Action No.: 00-1193
                                             )
COMMONWEALTH OF PENNSYLVANIA,                )        Judge Ziegler
PENNSYLVANIA STATE POLICE,                   )
                                             )
        Defendant.                           )

PLAINTIFF'S MOTION FOR ORDER DISSMISING PLAINTIFF'S CLAIMS FOR LACK
OF SUBJECT MATTER JURISDICTION WITH LEAVE FOR PLAINTIFF TO TRANSFER
ACTION TO STATE COURT

1.      Plaintiff, Bonita Perry, a former employee of the Pennsylvania State

Police, brought this action against the Pennsylvania State Police to redress its

violation of her rights under the Americans With Disabilities Act, the Rehabilitation

Act, and the Pennsylvania Human Relations Act.

2.      Defendant has filed a Motion to Dismiss on the grounds that this

Federal Court does not have subject matter jurisdiction to adjudicate these claims

because neither statute constitutes a valid exercise of power of Congress to

legislate under Section 5 of the 14th Amendment.

1


EXHIBIT
13

3.    The United States Court of Appeals for the Third Circuit has held that Federal Courts do not have subject matter jurisdiction to adjudicate such claims. See, *Lavia v. Department of Corrections*, 2000 W.L. 1121553 (3rd Cir. August 8, 2000).

4.    However, the United States Supreme Court has granted *certiorari* to resolve a split in the Circuit Court of Appeals on this issue.

5.    Plaintiff has also asserted state law claims under the Pennsylvania Human Relations Act.

6.    Plaintiff wishes to pursue only her state law claims in state court.

7.    Pursuant to 42 Pa. Cons. Stat. Ann. Section 5103 (b), (copy attached), Plaintiff may pursue her state law claims in state court without running afoul of the statute of limitations if this action is dismissed for lack of subject matter jurisdiction and Plaintiff follows the appropriate procedure to transfer her state law claims to the courts of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff requests that this court enter the attached order dismissing Plaintiff's federal claims for lack of subject matter jurisdiction with leave

for Plaintiff to transfer her state law claims to the courts of the Commonwealth of

Pennsylvania.

Respectfully submitted,

THE PEIRCE LAW OFFICES

By:_____
     JOHN J. PORTER, ESQUIRE
     Pa. I.D. 49571

2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

(412) 281-7229

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BONITA PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 00-1193 |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA, | ) | Judge Ziegler |
| PENNSYLVANIA STATE POLICE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER OF COURT

AND NOW, this _2/st_ day of _Dec_, upon consideration of Defendant's

Motion to Dismiss for lack of subject matter jurisdiction and Plaintiff's Motion

requesting a transfer of state law claims to state court , it is hereby ordered,

adjudged and decreed that Plaintiff's federal claims are dismissed for lack of federal

subject matter jurisdiction, without federal jurisdiction over Plaintiff's federal law

claims this court lacks pendent subject matter jurisdiction over Plaintiff's state law

claims and Plaintiff is granted leave to transfer her state law claims to the courts of

the Commonwealth of Pennsylvania.

4

PA ST 42 Pa.C.S.A. § 5103
42 Pa.C.S.A. § 5103

PURDON'S PENNSYLVANIA STATUTES AND CONSOLIDATED STATUTES ANNOTATED
PURDON'S PENNSYLVANIA CONSOLIDATED STATUTES ANNOTATED
TITLE 42. JUDICIARY AND JUDICIAL PROCEDURE
PART VI. ACTIONS, PROCEEDINGS AND OTHER MATTERS GENERALLY
CHAPTER 51. PRELIMINARY PROVISIONS

Copr. © West Group 2000.  All rights reserved.

Current through Act 2000-68

§ 5103. Transfer of erroneously filed matters

(a) General rule.--If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth.  A matter which is within the exclusive jurisdiction of a court or district justice of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

(b) Federal cases.--

(1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth.  In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a district justice of this Commonwealth.  Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

(2) Except as otherwise prescribed by general rules, or by order of the  United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth.  The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or district justice may require that they be amended to conform to the practice in this Commonwealth.  Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

(c) Interdivisional transfers.--If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district.

(d) Definition.--As used in this section "tribunal" means a court or district justice or other judicial officer of this Commonwealth vested with the power to enter an order in a matter, the Board of Claims, the Board of Property, the Office of Administrator for Arbitration Panels for Health Care and any other similar agency.

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been served by first class mail, postage pre-paid, this ___ day of _____ 2000, upon the following:

Thomas F. Halloran, Esquire
Senior Deputy Attorney General
Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

THE PEIRCE LAW OFFICES

By:_____

5