IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BONITA PERRY, | ) |
| | ) |
| Plaintiff, | )  2:00-cv-1193 |
| v. | ) |
| | ) |
| COMMONWEALTH OF PENNSYLVANIA, | ) |
| PENNSYLVANIA STATE POLICE, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF COURT

Pending before the Court is PLAINTIFF'S MOTION TO REOPEN CASE (Document No. 10). Defendant has filed a response, both parties have filed memoranda of law in support of their respective positions and the matter is ripe for disposition.

Plaintiff Bonita Perry was employed by the Pennsylvania State Police as a Police Communications Officer. On June 19, 2000, Perry filed a lawsuit in this Court which alleged that Defendant failed to reasonably accommodate her fibromyalgia and asserted claims under the Americans With Disabilities Act ("ADA"), the Rehabilitation Act and the Pennsylvania Human Relations Act ("PHRA"). On August 31, 2000, the Commonwealth filed a motion to dismiss the complaint for lack of subject matter jurisdiction, contending that it was immune from suit pursuant to the Eleventh Amendment to the United States Constitution. On December 20, 2000, Plaintiff filed a motion which requested that her federal claims be dismissed and that the case be transferred to state court. Plaintiff was aware, and recited in the motion, that the United States Supreme Court had granted certiorari to resolve a circuit split on the jurisdictional issue raised by Defendant. The motion stated: "Plaintiff wishes to pursue only her state law claims in state

court." The Court granted Plaintiff's motion and transferred the case to the Court of Common Pleas of Allegheny County, Pennsylvania.

For the ensuing seven years, Plaintiff pursued her litigation in the Pennsylvania state court system. The Court will not recite that tortuous procedural history in detail but does appreciate the parties' efforts to clarify that background. As relevant for the purpose of the pending motion, on February 8, 2008, the Court of Common Pleas of Mercer County entered an order which dismissed Plaintiff's case. Plaintiff's appeal of that order is pending in the Pennsylvania Superior Court.

In the instant motion to reopen, Plaintiff seeks to pursue claims under the ADA and Rehabilitation Act against the Commonwealth for both monetary and equitable damages. Plaintiff cites, as authority to pursue such claims, *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001) and *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161 (3d Cir. 2002). Plaintiff does not cite any case law authority in support of her motion to reopen the case, but argues generally that such relief is justified under 42 Pa.C.S.A. § 5103[1] and the principles of equitable tolling.[2] Defendant opposes the motion to reopen on two independent grounds: (1) that the Court lacks subject matter jurisdiction; and (2) that the relief sought is untimely and unreasonable.

Defendant's jurisdictional argument is somewhat novel, as it attempts to characterize the exact nature of the relief sought by Plaintiff under the unique procedural circumstances of this

---

[1] 42 Pa.C.S.A. § 5103 is entitled Transfer of erroneously filed matters and does not address the reopening of cases. Moreover, the Pennsylvania procedure would not govern this Court's consideration of the issue.

[2] Plaintiff also cites Fed. R. Civ. P. 15, but there are no pleadings to amend.

case. It is undisputed that this Court had subject matter jurisdiction over Plaintiff's original complaint and that it could have exercised jurisdiction over the federal law claims that Plaintiff now seeks to reassert. Moreover, it appears that Plaintiff is moving pursuant to Fed. R. Civ. P. 60 for relief from the Court's Order December 21, 2000, which dismissed the case at Plaintiff's request. Accordingly, the Court is not persuaded by Defendant's challenge to its jurisdiction. Nevertheless, the Court will merely assume, rather than decide, that it has jurisdiction, because the alternative ground for denial of the motion is much more straightforward and compelling. *Sinochem Intl. Co., Ltd. v. Malaysia Intl. Shipping Corp.*, 127 S. Ct. 1184 (2007) (court has leeway to choose among threshold grounds).

    The relief sought by Plaintiff is untimely and unreasonable. Although Plaintiff does not cite to a specific rule of civil procedure, the most applicable basis for the relief sought appears to be in Fed. R. Civ. P. 60(b)(1): On motion and "just terms," the Court may relieve a party from a prior order due to "mistake, inadvertence, surprise, or excusable neglect." There is a multi-factor, totality of the circumstances test for evaluating whether there has been excusable neglect: (1) " 'the danger of prejudice' " to the adverse party; (2) " 'the length of the delay and its potential impact on judicial proceedings' "; (3) " 'the reason for the delay, including whether it was within the reasonable control of the movant' "; and (4) " 'whether the movant acted in good faith.' " *George Harms Const. Co. v. Chao*, 371 F.3d 156, 163-64 (3d Cir.2004) *(quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)).

    In this case, all of the factors weigh heavily in favor of Defendant. The Order which dismissed the federal case in December 2000 was requested by Plaintiff. Ms. Perry made an informed and voluntary choice to pursue her state law claims in state court, even though she

knew that the United States Supreme Court had granted certiorari to address the validity of Defendant's immunity defense. The cases on which her federal claims are now premised were decided in 2001 and 2002, respectively, but Plaintiff did not seek to reopen her federal lawsuit at that time. It is only now, after her state court litigation efforts have proven unsuccessful, that Plaintiff seeks to reinstate her federal claims.

The Commonwealth is entitled to rely on Plaintiff's clear abandonment of her federal claims and it would be prejudiced by having to relitigate the federal claims after having been successful in the state courts. The length of the delay exceeds seven years. Fed. R. Civ. P. 60(c)(1) states that motions must be made within a "reasonable" time, and must be made within one year after the entry of the order if Plaintiff alleges mistake, inadvertence, surprise or excusable neglect. By any measure, the length of time in this case is excessive. The delay in this case was entirely within the control of Plaintiff after 2001 and 2002, when *Garrett* and *Koslow* were decided. Moreover, it was Plaintiff's own voluntary decision to abandon her federal claims in favor of the state court system. Thus, the principles of equitable tolling are not applicable. It is apparent that Plaintiff is not seeking to undo an earlier inequity, but is merely looking for an available forum in which to continue her quest for relief. To the extent that Plaintiff is dissatisfied with the result of her Mercer County lawsuit, the proper avenue of relief is her pending appeal in the Pennsylvania Superior Court.

In accordance with the foregoing, PLAINTIFF'S MOTION TO REOPEN CASE (Document No. 10) is **DENIED.**

SO ORDERED this 29th day of May, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Gregory G. Paul, Esquire
John J. Porter, Esquire
Email: gpaul@peircelaw.com

Deborah A. Kane, Esquire
Email: dkane@wglaw.com